# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HECTOR OLIVO,

      Petitioner,                             Civil No. 5:06-10358
                                              HONORABLE JOHN CORBETT O'MEARA
v.                                                  UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

      Respondent,
_____/

## OPINION AND ORDER DENYING THE
## PETITION FOR WRIT OF HABEAS CORPUS

Hector Olivo, ("Petitioner"), presently confined at the Boyer Road Correctional Facility in Carson City, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction on one count of first-degree home invasion, M.C.L.A. 750.110a(2); and one count of possession of a loaded firearm in a motor vehicle, M.C.L.A. 750.227c. For the reasons stated below, the petition for writ of habeas corpus is DENIED.

## I. Background

Petitioner was charged with a series of offenses in two separate cases which were consolidated for trial. Petitioner was convicted of the above charges following a bench trial in the Wayne County Circuit Court, in which he was tried jointly with his co-

1

defendant, Jhamin Ledesma. Petitioner was also acquitted of several other charges.[1]

Prior to trial, a *Walker* hearing was conducted to determine the voluntariness of petitioner's confession.[2] After hearing testimony from two police officers and from petitioner, the trial court denied petitioner's motion to suppress his confession. In so ruling, the trial court found that petitioner had been given his *Miranda* warnings in both Spanish and English several times and that in any event, there was no showing that petitioner did not understand English, having lived in America twenty years. The trial court further found that the police did not force petitioner to say anything. The trial court went on to rule that it was unnecessary to determine whether petitioner's statement was voluntary, because petitioner had denied making the statement to the police. (Tr. 8/17/2001, pp. 47-49).

At trial, Johanna Krik testified that she was watching television with her son at their house in Detroit, Michigan on March 27, 2001, when two men burst into the house. Krik identified petitioner and the co-defendant as being these two men. One of the men was armed with a shotgun and the other man had a handgun. One of the men wore a green face mask. The men hit Krik's son in the head and demanded two pounds of marijuana, which Krik denied having. One of the men searched the house, but was unsuccessful in finding anything. The men left the house, threatening to shoot anyone if

---

[1] Due to the brevity of the petition for writ of habeas corpus, this Court is willing to incorporate the arguments raised in petitioner's state appellate court briefs (*See* Rule 5 materials) as being part of the petition for writ of habeas corpus. *See e.g. Burns v. Lafler,* 328 F. Supp. 2d 711, 717, n. 2. (E.D. Mich. 2004).

[2] *People v. Walker*, 374 Mich. 331; 132 N. W. 2d 87 (1965).

they moved off the porch. At the preliminary examination, Krik estimated that the home invasion took place around "eight, nine, eight o'clock, eight-thirty."

Officer Leann Dean of the Detroit Police stopped a motor vehicle for traffic violations at about 9:15 p.m. on March 27, 2001. Petitioner was the driver of the vehicle and the co-defendant was the passenger. The traffic stop occured about six blocks from Krik's home. Officer Leann arrested petitioner and the co-defendant after observing what looked like a shotgun sticking out from under the co-defendant's arm. On the driver's side of the automobile, Officer Leann recovered a metal pipe and a pellet gun. Between the passenger seat and the middle console Officer Leann recovered a rifle and she also seized a green rubber mask from the passenger floor board. Officer Leann quoted from a video from her police vehicle, in which the co-defendant stated: "I'm in so much trouble. I'm in so much trouble. I should have ran. I should have threw it out the car."

Sergeant Javier Chapa interrogated petitioner following his arrest. Petitioner told him that he was at his brother's house, when the co-defendant asked him for a ride. The co-defendant told him that he knew of a house that had ten pounds of marijuana and asked petitioner to help him rob the house. Petitioner took the co-defendant home, where the co-defendant retrieved a rifle and petitioner obtained a pellet or .BB gun. The remainder of petitioner's statement was identical to Krik's testimony.

Petitioner was convicted of first-degree home invasion and possession of a loaded firearm in a motor vehicle and was found not guilty of several other charges.

Petitioner's conviction was conditionally affirmed, but his case was remanded for

3

the trial court to determine whether petitioner's statement to the police was voluntarily given. *People v. Olivo,* Nos. 240362; 243621 (Mich.Ct.App. December 11, 2003); *lv. den.* 470 Mich. 886; 682 N.W.2d 93 (2004).

On remand, the trial court the trial court found that petitioner's statement had been voluntarily given. The trial court specifically indicated that he did not believe that petitioner had been beaten or coerced into making a statement by the police. (Tr. 3/5/2004, pp. 10-11). Petitioner's subsequent application for leave to appeal was denied. *People v. Olivo,* No. 260994 (Mich.Ct.App. August 17, 2005); *lv. den.* 474 Mich. 941, 706 N.W.2d 22 (2005).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. APPELLANT WAS DEPRIVED OF HIS AMS V AND XIV RIGHTS OF DUE PROCESS BY PROSECUTORIAL OVERCHARGE.
>
> II. APPELLANT WAS DEPRIVED OF HIS AMS V AND XIV RIGHTS OF DUE PROCESS WHEN THE PROSECUTOR FAILED TO AFFORD DEFENSE COUNSEL CERTAIN DISCOVERY UNTIL TRIAL.
>
> III. APPELLANT WAS DEPRIVED OF HIS AMS V AND XIV RIGHTS OF DUE PROCESS WHEN THE EVIDENCE IN HIS CASE WAS CO-MINGLED WITH THE EVIDENCE OF CHARGES AGAINST A CO-PARTICIPANT.
>
> IV. WHERE THERE IS A STRONG PRESUMPTION AGAINST WAIVER OF CONSTITUTIONAL RIGHTS, DEFENDANT IS ENTITLED TO A NEW TRIAL BECAUSE HIS PURPORTED WAIVER OF HIS SIXTH AMENDMENT RIGHT TO A JURY TRIAL WAS INVALID WHERE THE COURT FAILED TO ESTABLISH THAT THE WAIVER WAS KNOWING, VOLUNTARY AND INTELLIGENT WITH EYES WIDE OPEN, US CONST AMEND VI; CONST 1963, ART 1, §§ 14, 20.

V. DEFENDANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHERE HIS TRIAL COUNSEL: 1) FAILED TO ASSURE THAT DEFENDANT'S WAIVER OF A JURY TRIAL WAS A KNOWING, VOLUNTARY, AND INTELLIGENT WAIVER: 2) CONCEDED DEFENDANT'S GUILT TO FIRST DEGREE HOME INVASION DURING HIS TERSE CLOSING ARGUMENTS AND LOWERED THE STATE'S BURDEN OF PROOF, CONTRARY TO DEFENDANT'S NOT GUILTY PLEA, FOURTEENTH AMENDMENT DUE PROCESS CLAUSE GUARANTEES, AND MCR 6.302(B)-(E) MANDATES OF AN UNDERSTANDING, VOLUNTARY AND ACCURATE PLEA; AND 3) REPRESENTED INDIGENT DEFENDANT WHILE BEING SERIOUSLY UNDERPAID, UNDERSTAFFED, WITH AN UNBEARABLE CASELOAD DUE TO SYSTEMIC FAILURES IN FUNDING IN THE WAYNE COUNTY CIRCUIT COURT. US CONST AMEND VI; CONST 1963, ART 1 §§ 17, 20.

VI. IT WAS REVERSIBLE ERROR FOR THE TRIAL COURT NOT TO DETERMINE WHETHER DEFENDANT'S LAST STATEMENT WAS VOLUNTARY, AND IT WAS CLEARLY ERRONEOUS FOR THE TRIAL COURT NOT TO SUPPRESS THE LAST STATEMENT PURPORTED TO BE DEFENDANT'S CONFESSION.

VII. IT WAS INEFFECTIVE ASSISTANCE OF COUNSEL NOT TO RAISE THE ISSUE OF THE VALIDITY OF THE LAST STATEMENT PURPORTED TO BE DEFENDANT'S CONFESSION AT TRIAL.

VIII. IT WAS INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL NOT TO OBJECT TO THE USE OF A PHOTO ARRAY AT A TIME WHEN DEFENDANT WAS IN CUSTODY.

IX. THE TRIAL COURT ERRED IN FINDING APPELLANT'S MARCH 30, 2001 STATEMENT TO BE VOLUNTARY AND THE STATEMENT SHOULD HAVE BEEN SUPPRESSED DUE TO HIS LACK OF UNDERSTANDING OF THE ENGLISH LANGUAGE AS WELL AS THE COERCED CONFESSION BY POLICE OFFICERS WHICH IS CLEARLY A VIOLATION OF THE FOURTEENTH AMENDMENT AND MIRANDA.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

**A. Claim # 1. The prosecutorial overcharging claim.**

Petitioner first claims that the prosecution overcharged him with numerous offenses which were not supported by the evidence. Petitioner claims that this

6

overcharging lead the trial court to reach a "quotient" or compromise verdict.

"[C]learly established Supreme Court law provides that a defendant has a right not to be *convicted* except upon proof of every element of a crime beyond a reasonable doubt; the Supreme Court has never held that the submission of a charge, upon which there is insufficient evidence, violates a defendant's constitutional rights where the defendant is acquitted of that charge." *Long v. Stovall*, 450 F. Supp. 2d 746, 752 (E.D. Mich. 2006)(quoting *Skrzycki v. Lafler*, 347 F. Supp.2d 448, 453 (E.D. Mich. 2004) (emphasis original)*; See also Aldrich v. Bock,* 327 F. Supp. 2d 743, 761-62 (E.D. Mich. 2004). A number of cases have held that the submission to a jury of a criminal charge constitutes harmless error where the habeas petitioner is acquitted of that charge. *Daniels v. Burke*, 83 F. 3d 760, 765, fn. 4 (6th Cir. 1996); *Long,* 450 F. Supp. 2d at 752; *Aldrich,* 327 F. Supp. 2d at 761; *Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 596 (E.D. Mich. 2001); *But see Williams v. Jones*, 231 F. Supp. 2d 586, 593-94 (E.D.Mich. 2002)(finding this claim cognizable). In light of the fact that petitioner was acquitted of these charges which he claims were unsupported by the evidence, any error in submitting these charges to the trier of fact, particularly in a bench trial, was harmless. Petitioner is not entitled to habeas relief on his first claim.

**B. Claim # 2. The discovery violation claim.**

Petitioner next contends that the prosecutor failed to disclose evidence of the police car video until the day of trial.

To the extent that petitioner is claiming that the prosecutor violated state

7

discovery rules, he would not be entitled to habeas relief.  A claim that a prosecutor violated state discovery rules is not cognizable in federal habeas review, because it is not a constitutional violation. *See Lorraine v. Coyle,* 291 F. 3d 416, 441 (6th Cir. 2002).

To the extent that petitioner is contending that the violation of the discovery order violated his due process rights, this claim must fail also.  Suppression by the prosecution of evidence favorable to the defendant upon request violates due process, where the evidence is material to either guilt or punishment of the defendant, irrespective of the good or bad faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 87 (1963).  There are three components of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the state, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

Petitioner's *Brady* claim fails for several reasons.  First, the evidence of the police car video was disclosed to petitioner during trial.  *Brady* generally does not apply to the delayed disclosure of exculpatory information, but only to a complete failure by the prosecutor to disclose such information. *See United States v. Davis,* 306 F. 3d 398, 421 (6th Cir. 2002)(internal citations omitted).  If previously undisclosed evidence is disclosed during trial, no *Brady* violation occurs unless the defendant is prejudiced by its nondisclosure. *United States v. Word*, 806 F. 2d 658, 665 (6th Cir. 1986); *See also United States v. Benc*s, 28 F. 3d 555, 560-61 (6th Cir. 1994).  The Sixth Circuit noted that "[T]he Supreme Court rejected the claim that the duty to disclose hinges on the usefulness of the

material to pretrial preparation. Such a standard would 'necessarily encompass incriminating evidence as well as exculpatory evidence, since knowledge of the prosecutor's entire case would always be useful in planning the defense.'" *Bencs,* 28 F. 3d at 560, n. 5 (*quoting United States v. Agurs,* 427 U.S. 97, 112, n. 20 (1976)).

In the present case, any claim that the late disclosure of these discovery materials may have precluded defense counsel from adequate trial preparation is non-cognizable pursuant to *Agurs. Burns v. Lafler,* 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004)(citing *Bencs,* 28 F. 3d at 561). In addition, any claim that the belated disclosure of the police car videotape hindered petitioner's ability for effective cross-examination lacks any substance, because petitioner has failed to offer any explanation on how the tardy disclosure of these materials hampered his ability to cross-examine the witnesses. *Id.*

Finally, petitioner has failed to offer any evidence or argument to show that the police car video contained exculpatory material. The burden is on a habeas petitioner to prove that evidence that is required to be disclosed to him under *Brady* was not disclosed to him. *Coe v. Bell*, 161 F. 3d 320, 344 (6th Cir. 1998). Allegations that are merely conclusory or which are purely speculative cannot support a *Brady* claim. *Burns,* 328 F. Supp. 2d at 724. Petitioner has failed to show that this evidence exculpated him of this crime. Petitioner is therefore not entitled to habeas relief on his second claim. *Id.*

**C. Claim # 3. The commingling of evidence claim.**

Petitioner next contends that he was prejudiced by the introduction of the co-defendant's statements made on the police car video at his joint trial, claiming that the

9

evidence was irrelevant.

The Michigan Court of Appeals rejected this claim, because there was nothing from the record which indicated that the trial court judge considered the co-defendant's statements in finding petitioner guilty. *Olivo,* Slip. Op. at * 5.

To the extent that petitioner is claiming that the admission of the co-defendant's statements violated the Michigan Rules of Evidence, he would not be entitled to habeas relief. A state court evidentiary ruling will be reviewed by a federal habeas court only if it was so fundamentally unfair as to violate a habeas petitioner's due process rights. *Coleman v. Mitchell,* 244 F. 3d 533, 542 (6th Cir. 2001). Any claim by petitioner that the trial court violated the Michigan Rules of Evidence by admitting evidence that should only have been considered against the co-defendant fails to state a claim upon which habeas relief can be granted. *See Foster v. Withrow,* 159 F. Supp. 2d 629, 642-43 (E.D. Mich. 2001).

To the extent that petitioner is alleging a Sixth Amendment violation, he would not be entitled to habeas relief either. Where a co-defendant's incriminating confession is admitted at a joint trial and the co-defendant does not take the stand, a defendant is denied the constitutional right of confrontation, even if the jury is instructed to consider the confession only against the co-defendant. *Bruton v. United States*, 391 U.S. 123, 127-128 (1968). Petitioner, however, had a bench trial, and *Bruton* is inapplicable to bench trials. *Rogers v. McMackin*, 884 F. 2d 252 (6th Cir. 1989): "To apply *Bruton* to bench trials would be to conclude that judges, like jurors, may well be incapable of separating

evidence properly admitted against one defendant from evidence admitted against another." *Id*. at 257. Because petitioner was tried before a judge sitting without a jury, and there is no indication that the judge considered the co-defendant's statements against petitioner, petitioner is not entitled to habeas relief on his claim.

**D. Claim # 4. The jury trial waiver claim.**

Petitioner next contends that his jury trial waiver was invalid, because the trial court failed to explain what constitutes a jury trial and the rights associated with such a trial.

On the day of trial, petitioner's counsel indicated that he had met with his client several times and had discussed the difference between a jury trial and a waiver trial. Counsel indicated to the court that petitioner had decided that it was in his best interests to waive a jury trial and proceed with a bench trial. Counsel indicated that petitioner had executed a written waiver form. The trial court advised petitioner that he had a right to have a jury decide his case. The court then asked petitioner if he wished to waive his jury and have the judge decide the case and whether petitioner had signed the waiver form. Petitioner answered in the affirmative. The trial court then asked petitioner if anyone had threatened or promised him anything to get him to relinquish his right to a jury trial. Petitioner replied that there had been no threats or promises. The trial court found that petitioner's waiver had been knowing and intelligent. (Trial T. 12/13/2001, pp. 3-4).

The burden of demonstrating that a waiver of a jury trial was invalid lies with the

defendant who waived it. *See Sowell v. Bradshaw,* 372 F. 3d 821, 832 (6th Cir. 2004). "[A]lthough recommended, there is no federal constitutional requirement that a court conduct an on-the-record colloquy with the defendant prior to accepting the jury waiver." *Spytma v. Howes,* 313 F. 3d 363, 370 (6th Cir. 2002); *See also Fitzgerald v. Withrow,* 292 F. 3d 500, 504 (6th Cir. 2002)(neither an oral colloquy, nor any other particular form of waiver, is required for a valid waiver of jury trial as a matter of federal constitutional law). Moreover, "[t]echnical knowledge of the jury trial right is not required for waiver to be effective." *Spytma*, 313 F.3d at 370 (internal quotation omitted). Most importantly, "there is a knowing and intelligent waiver where the defendant 'understood that the choice confronting him was, on the one hand, to be judged by a group of people from the community, and on the other hand, to have his guilt or innocence determined by a judge.'" *Sowell*, 372 F. 3d at 836 (*quoting United States v. Sammons*, 918 F. 2d 592, 597 (6th Cir. 1990)(internal quotation omitted)).

In the present case, the trial court advised petitioner that he had a right to have a jury decide his case. The trial court further ascertained that petitioner wished to relinquish this right and be tried by the court sitting without a jury. The trial court asked petitioner whether any threats or promises had been made to induce him to waive his right to a jury trial. Under the circumstances, the trial court's brief colloquy was constitutionally sufficient. In addition, petitioner does not deny that he signed a written waiver of jury form. Courts must give "presumptive force" to written waivers of a jury trial. *Spytma*, 313 F.3d at 371. Finally, the record in petitioner's case "does not disclose

any evidence that petitioner was so unaware of the rudimentary elements of trial by jury that his waiver cannot stand." *Id.* Petitioner is not entitled to relief on his fourth claim.

### E. Claims # 5, 7, and 8. The ineffective assistance of counsel claims.

The court will consolidate petitioner's ineffective assistance of counsel claims for judicial clarity.

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner first contends that his trial counsel was ineffective for failing to ensure that petitioner made a knowing, intelligent, and voluntary waiver of his right to a jury trial.

The Michigan Court of Appeals rejected this claim, finding that petitioner had failed to establish deficient performance on the part of counsel relative to the jury waiver. *Olivo,* Slip. Op. at * 4. Because petitioner failed to present any evidence to the Michigan courts to support his allegation that his trial counsel had been ineffective in failing to ensure that he knew he was waiving his fundamental right to a jury trial, petitioner is not entitled to an evidentiary hearing to further develop this claim in his

13

habeas proceeding. *See Cooey v. Coyle,* 289 F. 3d 882, 893 (6th Cir. 2002)(citing 28 U.S.C. § 2254(e)(2)(A)(ii)). In addition, petitioner has made failed to show that the Michigan Court of Appeals' determination that counsel's performance in regards to the jury waiver issue was not deficient was contrary to, or an unreasonable application of, Supreme Court precedent, so as to entitle him to habeas relief. *Id.*

Petitioner next contends that counsel was ineffective for conceding his guilt as to the first-degree home invasion charge, contending that he is entitled to automatic reversal of his conviction because counsel's concession of guilt amounted to the constructive denial of counsel.

The Supreme Court has held that a defense counsel's failure to obtain a criminal defendant's express consent to a strategy of conceding guilt at the guilt phase of a capital trial does not automatically render counsel's performance deficient. *Florida v. Nixon,* 543 U.S. 175 (2004). The Supreme Court also explained that the *Strickland* standard governs the analysis of a trial counsel's strategic decision to concede guilt, and not the presumed prejudice standard found in *United States v. Cronic,* 466 U.S. 648 (1984). *Nixon,* 543 U.S. at 189-90.

Petitioner's claim fails for two reasons. First, there is no evidence that petitioner's counsel clearly conceded petitioner's guilt as to any of the charges. Petitioner's counsel argued that the prosecution had failed to prove beyond a reasonable doubt the elements of any of the offenses. With respect to the home invasion charge, petitioner's counsel noted that petitioner's clothing did not match the description of the

clothing that Ms. Krik stated that he was wearing. Counsel also argued that there was no testimony that petitioner actually pointed a weapon at the victim or otherwise assaulted her, to establish that petitioner committed an underlying felony as a necessary predicate for the home invasion charge. Finally, counsel noted that the report of the home invasion/robbery took place an hour and a half after petitioner was arrested. Counsel then stated: "I think the best that the People have shown is perhaps an arguable Home Invasion First Degree. But I think all other charges in this matter should be dismissed." (Trial T., pp. 56-59). Although counsel made certain remarks that were tantamount to acknowledgments that the judge was likely to conclude that petitioner had committed the offense of first-degree home invasion, when the statements are viewed in the context that they were made, counsel never conceded guilt with respect to this charge. *See Poindexter v. Mitchell,* 454 F.3d 564, 581-82 (6th Cir. 2006).

Moreover, assuming that counsel's remarks amounted to a concession of guilt on the first-degree home invasion charge, given the overwhelming evidence that petitioner was guilty of this charge, there is no reasonable probability that the outcome of the trial would have been different absent counsel's statements. *Poindexter,* 454 F. 3d at 582.

Petitioner next contends that counsel's performance was ineffective because he represented petitioner while he was underpaid, understaffed, and working with "an unbearable caseload due to systematic failures in funding in the Wayne County Circuit Court." Petitioner's claim that his defense counsel was overworked, understaffed, and underfunded is insufficient to establish constitutionally ineffective assistance of counsel,

15

unless he can show that counsel's performance fell below some objective standard of reasonableness and actually prejudiced defendant's chances at trial. *See Roller v. McKellar,* 711 F. Supp. 272, 283-84 (D.S.C. 1989). Because petitioner has failed to make such a showing under *Strickland,* he is not entitled to habeas relief.

Petitioner next contends that counsel was ineffective for failing to object to the use of a photographic lineup, in lieu of a live or corporeal lineup. However, the arresting officer testified at the *Walker* hearing that a photographic lineup was conducted because there were not enough Hispanic suspects in custody to conduct a live lineup.

The use of a photographic lineup when a defendant is in custody may be justified when there are insufficient number of persons with a defendant's characteristics available to conduct a corporeal lineup. *People v. Anderson*, 389 Mich. 155, 186, n 22; 205 N.W. 2d 461 (1973); *People v. Hider*, 135 Mich. App 147, 150; 351 N.W. 2d 905 (1984). In the present case, petitioner has offered no evidence, other than mere speculation, that there were sufficient Hispanic males present in police custody to conduct a live line-up. Conclusory allegations of ineffective assistance of counsel, without evidentiary support, do not justify habeas relief. *See Payne v. Smith,* 207 F. Supp. 2d 627, 650 (E.D. Mich. 2002). Petitioner has therefore failed to show that the Michigan Court of Appeals' rejection of his claim that counsel was ineffective for failing to demand a corporeal lineup was an unreasonable application of clearly established federal law so as to entitle him to habeas relief. *See Dorch v. Smith,* 105 Fed.Appx. 650, 656-57 (6th Cir. 2004).

Petitioner lastly contends that counsel was ineffective for conceding at the original *Walker* hearing that the trial court did not need to determine the voluntariness of petitioner's statement, because petitioner had denied making the statement. Petitioner is unable to show that he was prejudiced by counsel's erroneous concession, in light of the fact that the Michigan Court of Appeals remanded the matter back to the trial court to determine the voluntariness of petitioner's confession. On remand, the trial court made a credibility determination that petitioner's confession had been voluntarily made. In light of the fact that the trial court determined that petitioner's statement was voluntary, petitioner was not prejudiced by counsel's deficient performance regarding the failure to challenge the trial court's initial ruling at the *Walker* hearing that it need not determine the voluntariness of petitioner's statement. *See e.g. Meade v. Lavigne,* 265 F. Supp. 2d 849, 865-66 (E.D. Mich. 2003).

**F. Claims # 6 and # 9. The confession claims.**

The Court will discuss petitioner's sixth and ninth claims together because they are essentially the same. Petitioner contends that the trial court erred in refusing to suppress his confession to the police on the ground that it was coerced and that petitioner did not understand the English language. However, as mentioned above, the trial court made a factual finding that petitioner's constitutional rights had been read to him in both English and Spanish and further rejected as incredible petitioner's claim that the police had beaten or coerced him into making his confession.

In considering federal habeas petitions, a federal district court must presume the

17

correctness of state court factual determinations, and a habeas petitioner may rebut this presumption only with clear and convincing evidence. *Bailey v. Mitchell*, 271 F. 3d 652, 656 (6th Cir. 2001); 28 U.S.C. § 2254(e)(1). Subsidiary factual questions in determining the voluntariness of a statement to police, such as whether the police engaged in intimidation tactics alleged by a habeas petitioner, are entitled to the presumption of correctness accorded to state court findings of fact. *Miller v. Fenton*, 474 U.S. 104, 112 (1985). In this case, the state trial court's finding that police officers made no threats and used no coercion to induce an incriminating statement from petitioner, so that his statement was voluntarily made, is entitled to the presumption of correctness, because petitioner has failed to present clear and convincing evidence to rebut this presumption. *Pritchett v. Pitcher*, 117 F. 3d 959, 963-64 (6th Cir. 1997). Because petitioner has failed to present clear and convincing evidence to rebut this presumption, he is not entitled to challenge the trial court's credibility determination concerning the voluntariness of his confession on habeas review. *See Payne v. Smith,* 207 F. Supp. 2d at 646.

Likewise, whether a defendant understood his or her *Miranda* rights is a question of fact underlying the question of whether his waiver of those rights was knowing and intelligent. Thus, on federal habeas review, a federal court has to presume that the state court's factual finding that a defendant fully understood what was being said and asked of him was correct unless the petitioner shows otherwise by clear and convincing evidence. *Williams v. Jones,* 117 Fed. Appx. 406, 412 (6th Cir. 2004); *See also Terry v. Bock,* 208 F. Supp. 2d 780, 789 (E.D. Mich. 2002). In this case, petitioner is not entitled

to habeas relief, because he has failed to offer any evidence, clear and convincing or otherwise, to rebut the findings by the Michigan courts that he understood the rights that were read to him, so as to entitle him to habeas relief. *Williams,* 117 Fed. Appx. at 412. Petitioner is not entitled to habeas relief on his final claims.

## IV.  **CONCLUSION**

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A district court has the power to deny a certificate of appealability *sua sponte. Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous.

*Allen v. Stovall,* 156 F. Supp. 2d at 798.

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

        s/John Corbett O'Meara
        United States District Judge

Dated: June 18, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 18, 2007, by electronic and/or ordinary mail.

        s/William Barkholz
        Case Manager