**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HECTOR OLIVO,

    Petitioner,                                  Civil No. 5:06-10358
                                                    HONORABLE JOHN CORBETT O'MEARA
v.                                                UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION

On June 18, 2007, this Court denied petitioner's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court also denied petitioner a certificate of appealability and leave to appeal *in forma pauperis. See Olivo v. Lafler,* 2007 WL 1747154 (E.D.Mich. June 18, 2007). Before the Court is petitioner's motion for reconsideration. For the reasons stated below, the motion for reconsideration is DENIED.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001); *See also Williams v. McGinnis*, 192 F. Supp. 2d 757, 759 (E.D. Mich. 2002). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different

1

disposition of the case must result from a correction thereof. *Williams,* 192 F. Supp. 2d at 759; *MCI Telecommunications Corp. v. Michigan Bell Telephone Co.,* 79 F. Supp. 2d 768, 797 (E.D. Mich. 1999). A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Petitioner is not entitled to reconsideration of the Court's opinion and order denying him habeas relief because the motion for reconsideration is untimely in this case. The Court issued its opinion denying habeas relief on June 18, 2007. Petitioner signed and dated his motion for reconsideration on July 6, 2007. E.D. Mich. L.R. 7.1(g)(1) states that: "A motion for rehearing or reconsideration must be filed within ten days after entry of the judgment or order." *Id.* The provisions of Local Rule 7.1 are analogous to Fed.R.Civ.P. 59(e), which provides that any motion to alter or amend a judgment shall be filed no later than ten days after entry of the judgment. *United States v. Moss*, 189 F.R.D. 354, 355, n. 2 (E.D. Mich. 1999). A habeas petitioner's motion to amend or alter judgment denying a petition for writ of habeas corpus is untimely when it is filed more than ten days after the judgment is entered. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999).

In the present case, petitioner signed and dated his motion for reconsideration on July 6, 2007. Under the prison mailbox rule, a federal habeas petition or other pleadings is filed when the prisoner gives his petition to prison officials for mailing to the federal courts. *United States ex. rel. Drain v. Washington,* 52 F. Supp. 2d 856, 860 (N.D. Ill.

1999). Absent evidence to the contrary, a federal court will assume that a prisoner gave his habeas petition or other pleadings to prison officials on the date he signed it. *See e.g. Hudson v. Martin,* 68 F. Supp. 2d 798, 799, n. 2 (E.D. Mich. 1999). This Court is therefore willing to apply the prison mailbox rule in determining whether petitioner's motion for reconsideration was timely filed within the ten day limit for filing such a motion. *See Aird v. United States,* 339 F. Supp. 2d 1305, 1308 (S.D. Ala. 2004). This Court also excludes Saturdays, Sundays, and legal holidays from the computation of the time for filing a motion for reconsideration. *See Johnson v. Unknown Dellatifa,* 357 F. 3d 539, 542 (6th Cir. 2004). However, even giving petitioner the benefit of the prison mailbox rule and even excluding Saturdays, Sundays, and legal holidays from the computation, petitioner's motion for reconsideration was due no later than July 3, 2007. The instant motion for reconsideration is therefore untimely.

District courts do not have discretion to enlarge the time for filing a motion to alter or amend judgment brought under Rule 59(e). *FHQ Equities, LLC v. MBL Life Assurance Corp.,* 188 F. 3d 678, 682 (6th Cir. 1999). A district court is also without power to enlarge the time for making motions for reconsideration of their orders. *Denley v. Shearson/American Express, Inc.,* 733 F. 2d 39, 41 (6th Cir. 1984). Simply put, this Court lacks jurisdiction to entertain petitioner's motion for reconsideration because the motion was filed more than ten days after the Court issued its opinion and order to hold the instant petition in abeyance. *See Allen v. Hemingway,* 24 Fed. Appx. 346, 347 (6th Cir. 2001). Accordingly, the motion for reconsideration will be denied.

Petitioner's request for reconsideration will be also denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied petitioner's application for writ of habeas corpus and denied him a certificate of appealability and leave to appeal *in forma pauperis*. *See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

### **ORDER**

IT IS ORDERED that the Motion for Reconsideration and for Certificate of Appealability [Court Dkt Entry # 25] **is DENIED.**

                                        s/John Corbett O'Meara
                                        United States District Judge

Dated: August 23, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 23, 2007, by electronic and/or ordinary mail.

                                        s/William Barkholz
                                        Case Manager